IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES BROADHEAD, #224 802, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-367-MEF ) [WO] |
| OFFICER CENTAVRIAD OLDS, *et al.*, | ) ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James M. Broadhead ["Broadhead"], a frequent federal litigant, incarcerated at the Donaldson Correctional Facility. Broadhead alleges that correctional officers at the Donaldson Correctional Facility subjected him to excessive force.[1] *Doc. No. 1* at 3-6. Broadhead seeks criminal prosecution of Defendants and monetary damages for the alleged violation of his constitutional rights. *Id*. at 3.

### I. DISCUSSION

On June 9, 2014, Broadhead filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Doc. No. 3*. Under 28 U.S.C. § 1915(g), however, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more

---

[1] This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999). A review of several cases filed by Broadhead in the United States District Court for the Northern District of Alabama indicates that the incident at issue occurred sometime last year.

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

Federal court records establish that Broadhead, while incarcerated or detained, has on at least four occasions had civil actions dismissed under 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by Broadhead are: (1) *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) (complaint malicious); (2) *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010) (complaint frivolous); (3) *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010) (complaint frivolous); and (4) *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010) (complaint frivolous).

Upon review of the present complaint and other civil actions filed by Broadhead in the United States District Court for the Northern District of Alabama alleging the same or similar factual basis for relief, the court finds Broadhead fails to demonstrate he is in "imminent danger of serious physical injury." Consequently, the claims presented by

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

Broadhead do not entitle him to avoid the "three strikes" bar of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).).

Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for Plaintiff's failure to pay the requisite filing and administrative fees upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by James M. Broadhead on June 9, 2014, (*Doc. No. 3*) be DENIED.

2. This case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing and administrative fees upon the initiation of this case.

It is further

ORDERED that on **or before July 8, 2014**, Plaintiff may file an objection to the

Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of June 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE